**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SONIA ANIELKA OROZCO-SALGADO, | No.   19-71358 |
| Petitioner, | Agency No. A205-489-099 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2020[**]
Seattle, Washington

Before:  McKEOWN, HUNSAKER, and BUMATAY, Circuit Judges.

Petitioner Sonia Orozco-Salgado, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals (BIA) decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a),

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and we deny the petition for review.

*Asylum.* Orozco argues the agency erred in failing to consider the post-filing changed political circumstances in Nicaragua as a justification for considering her otherwise untimely asylum application.[1] Even assuming the BIA erred in its interpretation of 8 U.S.C. § 1158(a)(2)(D) and 8 C.F.R. § 1208.4(a)(2)(i)(B), such error was harmless. The BIA considered Orozco's asylum claim on its merits, including Nicaragua's changed political climate. Orozco feared persecution because she is not a member of the Sandinista party. The BIA found Orozco did not "establish that she has a political opinion, anyone would impute a political opinion to her, or that she would be harmed on account of a political opinion." The evidence presented does not compel a contrary conclusion. *Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020) (explaining that under the substantial evidence standard, this court "reverse[s] the BIA only on a finding that the evidence not only supports a contrary conclusion, but compels it" (internal citation omitted)). Additionally, Orozco's claim is undermined by the fact that her mother—who is similarly politically

---

[1] Orozco argues that the physical and psychological harm she suffered at the hands of a Mexican cartel should be considered an extraordinary circumstance under 8 C.F.R. § 1208.4(a)(5)(i), also justifying the delay of her asylum application. However, we do not consider this issue because Orozco never made this argument to the BIA. "[F]ailure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004) (citation omitted); 8 U.S.C. § 1252(d)(1).

2

situated—has lived, and continues to live, in Nicaragua unharmed. *See Sinha v. Holder*, 564 F.3d 1015, 1022 (9th Cir. 2009) (noting that a "petitioner's fear of future persecution is weakened, even undercut, when similarly-situated family members living in the petitioner's home country are *not* harmed" (internal quotation marks and citations omitted)). Therefore, Orozco failed to show she has a causal nexus to a protected ground.[2]

***CAT.*** Orozco's CAT claims are similarly based on her fear that she will be tortured because of her political opposition to the Sandinista party. She also asserts she is likely to suffer harm from a Mexican cartel that has claimed she owes it a debt and with which she has worked while in the United States. Substantial evidence supports the BIA's conclusion that Orozco is not entitled to relief under the CAT. As already discussed, substantial evidence supports the BIA's finding that Orozco is not likely to be harmed for political reasons. Additionally, Orozco failed to prove that it is more likely than not that she will be tortured by the Mexican cartel at the acquiescence or with the consent of a public official. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1184 (9th Cir. 2020). Orozco points to general country condition

---

[2] We do not review the BIA's decision regarding withholding of removal because Orozco only raised the issue in her statement of the case, but did not discuss, or even mention, the issue in the body of her opening brief. Therefore, the issue is waived. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("[A]n issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived.").

evidence. While the information in those reports and articles about cartels is mixed, nothing in the evidence *compels* us to conclude that public officials in Nicaragua would consent or acquiesce to torture by the Mexican cartel that Orozco fears. *Diaz-Torres*, 963 F.3d at 980.

**PETITION FOR REVIEW DENIED.**[3]

---

[3] Orozco's Motion for Stay of Removal [Dkt. 1] is denied as moot. The temporary stay of removal remains in effect until issuance of the mandate.